## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

GRACE SOLIS                                         Case No.:
    PLAINTIFF,

v.

GLOBAL ACCEPTANCE CREDIT
COMPANY L.P.;
HAYT, HAYT & LANDAU, P.L.;
JASON S. DRAGUTSKY, an individual;
DANA M. STERN, an individual;
ROBERT J. OROVITZ, an individual;     **JURY TRIAL DEMANDED**
    DEFENDANTS


## COMPLAINT

Plaintiff, GRACE SOLIS, through legal counsel, hereby sues Defendants, GLOBAL

ACCEPTANCE CREDIT COMPANY L.P.; HAYT, HAYT & LANDAU, P.L.; JASON S.

DRAGUTSKY, an individual; DANA M. STERN, an individual; and ROBERT J. OROVITZ,

an individual, for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §

1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. § 559 (Part IV), the

Federal Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* and for violations of the

Telephone Consumer Protection Act (TCPA) Sec. 227, 47 USC § 227(b)(1), 47 USC § 227(a)

(iii).

## PRELIMINARY STATEMENT

1.       This is an action for damages brought for violations of the Fair Debt Collection

Practices Act FDCPA) 15 U.S.C. § 1692 *et seq*., for damages for violations of the Florida

Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559 (Part IV), for violations of the

Federal Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* and violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

2.      Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3.      Plaintiff contends that Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent consumer debt.

4.      Plaintiff contends that Defendant GLOBAL ACCEPTANCE CREDIT COMPANY, L.P. violated such laws by repeatedly, falsely and continuously reporting a non-existent consumer debt to the three credit reporting agencies (CRAs): Equifax, Experian and Transunion for more than 13 months.

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises under 15 U.S.C. § 1681p, 47 U.S.C. § 227x(b)(3), 15 U.S.C. § 1692k(d), Fla. Stat. § 47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper pursuant to 28 U.S.C. § 1391b and Fla. Stat. § 559.77.  Venue in this district is proper in that Plaintiff resides here, Defendants resides and transact business here, and the conduct complained of occurred here.

7.      This is an action for damages which exceed $20,000.00.

## **PARTIES**

8.     Plaintiff, Grace Solis (herein "SOLIS") is a natural person and is a resident of the State of Florida.  Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), the FCCPA, Fla. Stat. § 559.55(2) and FCRA, 15 U.S.C. § 1681a(c).

9.     Upon information and belief, Defendant GLOBAL ACCEPTANCE CREDIT COMPANY L.P. (herein "GLOBAL") is an foreign entity not authorized to do business in Florida, business address is 1804 Owens Court, Suite 108, Mansfield, Texas 76063.  Defendant GLOBAL is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(6), Fla. Stat. § 559.55(6), furnisher of information as defined by 15 U.S.C. § 1681s-2 and a "user of information" as defined by 15 U.S.C. § 1681m.

10.     Upon information and belief, Defendant HAYT, HAYT & LANDAU, P.L. (herein "HAYT") is a domestic corporation, authorized to do business in Florida, business address is 7765 SW 87th Avenue, Suite 101, Miami, FL  33173.  Defendant HAYT is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

11.     Upon information and belief, Defendant JASON S. DRAGUTSKY (herein "DRAGUTSKY") is a natural person, is a resident of the State of Florida, works at HAYT, HAYT & LANDAU, P.L., and is a debt collector as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

12.     Upon information and belief, Defendant DANA M. STERN (herein "STERN") is a natural person, is a resident of the State of Florida, works at HAYT, HAYT & LANDAU, P.L., and is a debt collector as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

13.     Upon information and belief, Defendant ROBERT J. OROVITZ ("herein "OROVITZ") is a natural person, is a resident of the State of Florida, works at HAYT, HAYT & LANDAU, P.L., and is a debt collector as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

## FACTUAL ALLEGATIONS

14.     Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and that Plaintiff is obligated to pay them.

15.     Defendant GLOBAL is not licensed as a debt collection agency or a foreign corporation in Florida.

16.     Plaintiff previously sued Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ on March 23, 2012, federal case #12-CV-21151, located in the United States District Court, Southern District of Florida, Miami Division.

17.     Court dismissed Plaintiff's complaint on November 30, 2012.

18.     Plaintiff filed a Motion for Reconsideration on December 10, 2012.

19.     Defendant GLOBAL filed their Opposition on December 14, 2012 and Plaintiff filed her Response on December 28, 2012.

20.     On April 4, 2013, Defendant GLOBAL filed Notice of Ninety Days Expiring and Plaintiff filed her same Notice on April 19, 2013.

21.     On June 17, 2013, Plaintiff filed a Motion for Hearing on her Motion for Reconsideration in order to preserve the statute of limitations.

22.     On August 9, 2013, Plaintiff filed her Motion to Dismiss without Prejudice for Case #12-CV-21151.

23.     Plaintiff has no prior or present established relationship with Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ.

24.     Plaintiff has never given any Defendant express permission to call Plaintiff's cellular phone.

25.     Plaintiff has no contractual obligation to pay Defendants GLOBAL and/or HAYT.

26.     Defendant GLOBAL used an automatic telephone dialing system with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers to call Plaintiff's cell phone.

27.     Defendant GLOBAL obtained Plaintiff's cell phone number through skip tracing.

28.     Defendant GLOBAL called Plaintiff's cell phone on February 1, 2011 to collect an alleged consumer debt.

29.     On February 2, 2011, Plaintiff received a telephone call on her cell phone from an abusive debt collector calling from 954-699-0606 for Defendant GLOBAL for an alleged consumer debt and Plaintiff demanded debt validation pursuant.

30.     Debt collector stated her name was Morgan Benson, gave her identification number, said the call was recorded and stated that Plaintiff had a contract with GLOBAL, which

Plaintiff requested and the call ended abruptly. Morgan Benson provided her identification number but Plaintiff could not write it down since she was driving.

31.     Plaintiff called Defendant GLOBAL's number, 954-699-0606 on February 2, 2011 at 10:59am and spoke with Dwight Quail and asked for his identification number and he said no one has an identification number.

32.     On February 2, 2011, at 11:05am, Plaintiff again called Defendant GLOBAL's number of 954-699-0606 and spoke to Ray Johnson and asked for Defendant GLOBAL's address. Ray Johnson provided a Texas address and Plaintiff asked how does a Texas company have a Florida area code phone number and Ray said that is how the calls are routed to them.

33.     Defendant GLOBAL used a telephone number with a local area code (spoof) to deceive Plaintiff that the call was from a local business.

34.     Plaintiff, via US certified mail, sent a debt validation letter to Defendant GLOBAL (received by Defendant GLOBAL on February 7, 2011), including information regarding Plaintiff's communication with their representatives and requested a copy of all the recorded phone calls.

35.     Plaintiff's debt validation letter to Defendant GLOBAL requested the promissory note with an original wet ink signature for the alleged consumer debt.

36.     Plaintiff's debt validation letter to Defendant GLOBAL also requested the account and ledger statement showing the full accounting of the alleged consumer debt.

37.     Plaintiff's debt validation letter to Defendant GLOBAL requested that any negative reporting of an inaccurate account by Defendant GLOBAL on Plaintiff's consumer credit report be deleted.

38.     Plaintiff's debt validation letter to Defendant requested all communication to be in writing.

39.     Defendant GLOBAL did not provide debt validation including the items requested by Plaintiff.

40.     Defendant GLOBAL never sent a dunning letter to Plaintiff.

41.     Plaintiff did not receive notice of assignment of the alleged debt from Defendant GLOBAL or where it was recorded in public records.

42.     Defendant GLOBAL retained Defendant HAYT to continue debt collection activity without prior debt validation to Plaintiff as requested on February 2, 2011.

43.     Even though GLOBAL knew, or should have known, that the "alleged account" was non-existent, GLOBAL failed to reinvestigate and direct the consumer reporting agencies to delete the inaccurate information regarding Plaintiff from her files.  Defendant GLOBAL continued to furnish the same false information each month thereafter to the credit reporting agencies.

44.     Defendant HAYT called Plaintiff's cell phone without Plaintiff's express consent approximately twenty three times between March 31, 2011 and September 7, 2011, from an automatic telephone dialing system with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.

45.     Defendant HAYT called Plaintiff's cell phone to collect an alleged consumer debt.

46.     On June 16, 2011, Plaintiff received a call from Defendant HAYT's representative regarding Defendant GLOBAL's collection account.  Plaintiff requested debt

validation from the representative and no further communication from Defendant HAYT until debt was validated.  Representative was informed to not call Plaintiff's cell phone.

47.     Plaintiff never received a dunning letter from Defendant HAYT.

48.     On or about August 2011, Plaintiff pulled her credit reports from the three Credit Reporting Agencies (herein "CRAs") known individually as Equifax, Transunion, and Experian, and discovered an unknown alleged consumer collection account from Defendant GLOBAL.

49.     Plaintiff never received communication from Defendant GLOBAL stating they were reporting the disputed debt to the CRAs.

50.     On August 10, 2011, Plaintiff sent certified letters to the CRAs disputing an unknown alleged consumer collection account from Defendant GLOBAL.

51.     Plaintiff requested a description of the reinvestigation procedure and the source of information for all items from the CRAs.

52.     The amendments to the FCRA made by the Consumer Credit Reporting Act of 1996 raised the bar of compliance with the law by imposing a higher duty to reinvestigate on the original source providing information to the CRAs.  Congress clearly intended the furnishers of credit data to perform a more exacting investigation than merely parroting their own internal data which the consumer has disputed.

53.     By ignoring Plaintiff's timely demands for validation and disputes, and Defendant GLOBAL's avoidance of their legal obligation to reinvestigate and go beyond mere electronic data obtained by the purchase of unverified and unauthenticated alleged account information, Defendant GLOBAL violated the clear mandate Congress intended and enacted under 15 U.S.C. § 1681s-2(b).

54.    On August 11, 2011 at 6:14pm EST, Defendant HAYT used an automatic telephone dialing system to call Plaintiff's cell phone to leave a voice message to return a call to Defendant HAYT after Plaintiff requested no calls to cell phone.

55.    The CRAs investigated Plaintiff's disputed accounts by sending disputes to Defendant GLOBAL.

56.    As a result of Plaintiff's dispute, Transunion deleted the inaccurate account from Defendant GLOBAL.

57.    As a result of Plaintiff's dispute, Experian and Equifax reported the information was updated and would remain.

58.    Defendant GLOBAL continued to report they are Plaintiff's creditor to Equifax and Experian.

59.    On August 22, 2011 at 10:14:26am, Defendant GLOBAL received the credit bureaus dispute.

60.    On August 22, 2011 at 10:14:28am, Defendant GLOBAL responded to e-Oscar dispute (credit bureaus' dispute).

61.    Defendant GLOBAL responded to credit bureaus' disputes within two seconds.

62.    Defendant GLOBAL did not reasonably re-investigate Plaintiff's dispute as required by law they would have known definitively that the information they were furnishing was incorrect and that it should never have been reported per Plaintiff's February 2, 2011 debt validation letter.

63.    On August 23, 2011, Defendant GLOBAL requested that Defendant HAYT respond to Plaintiff stating Defendant GLOBAL responded to Credit Bureau's dispute.

64.     Plaintiff never received said letter directed from Defendant GLOBAL to Defendant HAYT.

65.     Defendant GLOBAL is not and has never been Plaintiff's creditor.

66.     Defendant GLOBAL rush ordered application and c/o statement on August 24, 2011 for Plaintiff's alleged consumer debt.

67.     Defendant GLOBAL did not have information regarding Plaintiff's alleged consumer debt prior to their debt collection call and their reporting of erroneous information to the CRAs.

68.     On August 27, 2011, through U.S. certified mail, Plaintiff received an unsigned, unauthenticated statement of account for an alleged consumer debt from Defendant GLOBAL through Defendant HAYT.

69.     On August 27, 2011, Plaintiff also received a letter from Defendant HAYT (without the mini-Miranda) stating the unauthenticated, unsigned statement of account was the item requested by Plaintiff.

70.     Defendant HAYT's letter to Plaintiff did not inform Plaintiff she had thirty days to dispute the debt.

71.     On August 30, 2011, Defendant GLOBAL received media.

72.     On September 2, 2011, Defendant GLOBAL sent media to Defendant HAYT.

73.     On September 2, 2011, Defendant HAYT used an automatic telephone dialing system to call Plaintiff's cell phone to leave a voice message to return call to Defendant HAYT for the collection of a debt after Plaintiff requested no calls to cell phone.

74.     On September 7, 2011 at 8:48am EST, Plaintiff received a phone call from Mario from Defendant HAYT on Plaintiff's cell phone for the collection of a debt and Plaintiff again requested debt validation and no further communication until debt is validated.

75.     Defendant HAYT did not validate the alleged consumer debt per Plaintiff's verbal request on June 11, 2011.

76.     On September 7, 2011, Plaintiff sent a certified letter to Defendant HAYT requesting debt validation.

77.     Defendant HAYT received the certified letter on September 9, 2011, within thirty days of Plaintiff's receipt of Defendant HAYT'S August 27, 2011 letter.

78.     Plaintiff's validation letter to Defendant HAYT requested copies of any papers showing an agreement between Plaintiff and Defendant GLOBAL or Plaintiff and Defendant HAYT.

79.     Plaintiff's validation letter to Defendant HAYT requested the calculation of the monies alleged to be owed.

80.     Plaintiff's validation letter to Defendant HAYT requested no telephone contact from Defendant HAYT.

81.     Plaintiff never received notice of an assignment of debt from Defendant HAYT or the location of where the assignment was recorded.

82.     Plaintiff never received debt validation from Defendant HAYT prior to Defendant HAYT'S filing a state lawsuit against Plaintiff.

83.     Defendant HAYT did not meaningfully investigate Plaintiff's dispute.

84.     On September 13, 2011, Plaintiff's peace was disturbed at her home by a process server serving a summons for a state lawsuit Case #11-14387 CC 25 for a known disputed non-existent alleged consumer debt from Defendant GLOBAL and Defendant HAYT.

85.     Defendant HAYT did not provide Plaintiff thirty days to dispute the information provided to Plaintiff on August 27, 2011.

86.     Defendant HAYT did not cease collection activity after receiving Plaintiff's written debt validation letter sent via certified mail, received September 9, 2011.

87.     Upon information and belief, the state complaint was drafted and signed by Defendant STERN above Defendant OROVITZ's and Defendant DRAGUTSKY's name and stated "[t]his is an attempt to collect a debt."

88.     Upon information and belief, Defendant DRAGUTSKY drafted and signed a notice of filing in the state case, which again stated "[t]his is an attempt to collect a debt."

89.     On September 30, 2011 Plaintiff filed a Motion for Enlargement of Time due to Defendant GLOBAL and Defendant HAYT's failure to validate the non-existent alleged consumer debt.

90.     On February 14, 2012, through a Motion for Summary Judgment, believed to be drafted and signed by Defendant DRAGUTSKY, in the above referenced state court lawsuit, Defendants GLOBAL, HAYT and DRAGUTSKY asserted a right which it lacks, to wit, the right to enforce an alleged non-existent consumer debt by filing a Motion for Summary Judgment, which was denied.

91.     Defendant HAYT is liable for the actions of Defendants DRAGUTSKY, STERN and OROVITZ.

92.     Defendant HAYT is owned by Defendant OROVITZ; Defendant STERN and Defendant DRAGUTSKY are employees.

93.     Defendants GLOBAL, HAYT, STERN, DRAGUTSKY, and OROVITZ regularly use the US mail in a business of which the principal purpose is the collection of debts.

94.     Defendants GLOBAL, HAYT, STERN, DRAGUTSKY, and OROVITZ regularly collect or attempt to collect debts for other parties.  They are "debt collectors" as defined in the FDCPA.

95.     Defendant HAYT failed to place the mini-Miranda in all communication to Plaintiff: "THIS IS AN ATTEMPT TO COLLECT A DEBT" in bold lettering so as to deceive Plaintiff.

96.     Defendant HAYT instead placed the following, "Please understand that any information we obtain will be used for the purpose of collection of this debt."

97.     On May 31, 2012, Plaintiff requested her tri-merged credit report (Equifax, Transunion and Experian).

98.     Plaintiff discovered that Defendant GLOBAL reported Plaintiff's account as "subscriber reports dispute resolved – consumer disagrees."

99.     On June 21, 2012, Plaintiff again disputed via US certified mail the Defendant GLOBAL account being reported by Equifax.

100.     On July 5, 2012, Plaintiff again disputed via US certified mail the Defendant GLOBAL account being reported by Experian.

101.     Both Equifax and Experian investigated the disputed account with Defendant GLOBAL.

102.     Defendant GLOBAL received the credit bureaus' disputes.

103.   On August 7, 2012, Plaintiff discovered that both Equifax and Experian removed the inaccurate GLOBAL account from Plaintiff's credit report.

104.   The FCRA requires a reasonable reinvestigation and a deletion of inaccurate information from the consumer's credit reports after said consumer has disputed the information being provided.  Not only did Defendant GLOBAL fail to comply with Plaintiff's request for debt validation prior to reporting the false collection account to the CRAs, Defendant GLOBAL willfully failed to comply with 15 U.S.C. § 1681s-2(b) by not performing a reasonable reinvestigation and knowingly and willfully continued to furnish unverified and unauthenticated information to the credit reporting agencies for twelve months.

105.   Defendant GLOBAL knowingly reported inaccurate information about Plaintiff to the three CRAs, after failing to reinvestigate, which damaged Plaintiff since at least August 2011 through August 2012 in an attempt to coerce Plaintiff into paying amounts not owed.

106.   Transunion, Equifax and Experian are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

107.   The continued reporting of false and erroneous information to the credit reporting agencies without performing proper reinvestigation after Plaintiff's disputes violates 15 U.S.C. § 1681 s-2(b) the first time a violation occurs each and every time the furnisher knowingly and willfully does so.

108.   Each time Defendant GLOBAL furnishes information to the CRAs without first performing a reasonable reinvestigation after that reinvestigation has been demanded constitutes a new and separate deliberate violation of the statute.

109.   The Federal Trade Commission publication, "The Structure and Practices of the Debt Buying Industry," January 2013, contained the following findings which provide insight

14

into the general practices of the industry and may explain the Defendants failure to re-investigate Plaintiff's timely disputes:

a.   The availability of documents specific to accounts in most purchase and sale agreements is not guaranteed and may not exist;

b.   Approximately 500,000 disputed debts were not verified after disputes by the consumer in 2009 alone.

c.   The FDCPA prohibits debt collectors, including debt buyers from seeking to recover on unverified but does not bar the reselling of such debts to other purchasers which likely contributes to collectors seeking to recover from the wrong consumer or the wrong amount.

d.   The FTC used compulsory process in the study and focused on large debt buyers one of which was Encore Capital Group, Inc.

e.   Purchased information often includes spread sheets containing a consumer's name, address, social security number, original creditor, date opened, date charged off and balance at charge off, but no documentation of the authenticity of the information.

f.   On average the debt buyers pay in a range from 2.2 to 7.9 cents on the dollar of amount of the alleged and are fully aware there is no guarantee of the validity or accuracy of the information they purchase.

g.   In many purchase and sale agreements, sellers disclaim all warranties and representation regarding the accuracy of the information they provide at the time of the sale.  Thus the buyer knowingly purchases "as is" and is therefore

fully aware of the possibility of the information regarding an individual

alleged account may be false or largely inaccurate.

110.    The reporting of false and erroneous information to the credit reporting agencies

is a violation of the FDCPA 15 U.S.C. § 1692g which re-ages the relative statute of limitations

on such violations each and every time they knowingly and willfully do it.

111.    Defendant GLOBAL's dissemination of inaccurate information about the Plaintiff

has and is causing the following damages:

a.   Personal expenses related to disputing the inaccurate information; and

b.   Injury to her credit reputation, lawsuit pending in state court, undue worry and

loss of happiness resulting from the distribution of incorrect and disparaging

information to parties both known and unknown.

112.    Courts have consistently held that any person who willfully fails to comply with

any requirement of the FCRA may be liable for punitive damages, 15 U.S.C. § 1681n.  To

establish willful noncompliance, a plaintiff must prove that the defendant(s) "knowing and

intentionally committed an act in conscious disregard for the rights of others' need not show

"malice or evil motive."  Plaintiff attempted to resolve the controversy over the disputed alleged

account with Defendant GLOBAL over a substantial length of time.  For this reason, Plaintiff

had no recourse beyond litigation to resolve these matters.

113.    There is no debt as to the basis of this instant action, rather the basis is the illegal,

unconscionable, invasive, behavior of every Defendant in their attempts to collect non-existent

alleged debt from Plaintiff.  Plaintiff attempted to resolve the matter with Defendants to no avail.

## COUNT I

## WILLFUL AND NEGLIGENT VIOLATIONS OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 BY DEFENDANTS GLOBAL, HAYT,
## DRAGUTSKY, STERN and OROVITZ

114.    Plaintiff alleges and incorporates the information in paragraphs 1 through 113.

115.    Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and/or negligently violated the FDCPA.  Defendants' violations include, but are not limited to the following:

       a.  Defendant GLOBAL willfully and/or negligently violated **15 U.S.C. § 1692e** when Defendant GLOBAL willfully and/or negligently reported a false collection account on Plaintiff's credit report in order to induce Plaintiff to pay for a false account, which also damaged Plaintiff's credit score and reputation.

       b.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and/or negligently violated **15 U.S.C. § 1692e(2)** when Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and/or negligently filed a lawsuit against Plaintiff knowing the debt was disputed without validating the character, amount, and/or legal status of the debt.

       c.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and/or negligently violated **15 U.S.C. § 1692e(5)** by threatening to take any action that could not legally be taken or that was not intended to be taken by Defendant GLOBAL contracting Defendants HAYT,

17

DRAGUTSKY, STERN and OROVITZ to draft, sign and file pleadings in state court for a known disputed, non-existent consumer debt.  Plaintiff requested several times for Defendants' employees to validate the debt prior to the date lawsuit, both verbally and in writing.

d.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and/or negligently violated **15 U.S.C. § 1692e(10)** by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer by Defendant GLOBAL reporting a false collection account on Plaintiff's credit report after Plaintiff requested debt validation on February 2, 2011 and by contracting/retaining HAYT, DRAGUTSKY, STERN and OROVITZ to draft, sign and file pleadings in state court for a known disputed, alleged consumer debt. Defendant GLOBAL represented itself to be an assignee in the state court case when it allegedly bought millions of dollars of debt and claimed Plaintiff's alleged consumer debt was included in the purchase without any proof of the inclusion of the account.

e.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and negligently violated **15 U.SC § 1692e(11)** by failing to warn Plaintiff that they were debt collectors and attempting to collect a debt. Plaintiff did not receive written communication from Defendant GLOBAL nor Defendant HAYT stating they were debt collectors.  Defendants GLOBAL and HAYT violated 15 U.SC **§ 1692e (11)** by stating that Defendant GLOBAL was an assignee in the state court case when it allegedly

bought millions of dollars of debt and claimed Plaintiff's alleged consumer debt was included in the purchase without any proof of the inclusion of the account.

f.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and/or negligently violated **15 U.S.C. § 1692f(1)** when the Defendants failed to provide to Plaintiff a signed agreement between Plaintiff and Defendant GLOBAL or Plaintiff and Defendant HAYT showing they are authorized to collect any amount, including attorneys fees, interest, additional fees and/or charges.

g.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and negligently violated **15 U.S.C. § 1692g(a)** by not sending a dunning letter to Plaintiff within the first 5 days of initial communication with Plaintiff.

h.  Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully and negligently violated **15 U.S.C. § 1692g(a)(b)** by not ceasing collection efforts until the debt was validated.

i.  **15 U.S.C. § 1692a(4)** The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.  Defendant GLOBAL has violated this provision by falsely claiming to be Plaintiff's creditor on her credit report.

      j.   Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ

           willfully and negligently violated **15 U.S.C. § 1692c(c)** by continuing to call

           Plaintiff on her cell phone after her verbal and written requests for validation

           beginning February 2, 2011.

116.    Plaintiff is seeking potential actual damages if the Plaintiff in state case #11-

      14387 CC 25 filed in MIAMI-DADE COUNTY Court prevails while continually

      violating the FDCPA.

    **WHEREFORE**, Plaintiff demands judgment for damages against Defendants GLOBAL,

HAYT, OROVITZ, STERN and DRAGUTSKY for actual or statutory damages and punitive

damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II

## WILLFUL AND NEGLIGENT VIOLATION OF FLORIDA CONSUMER

## COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part IV) BY

## DEFENDANTS GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ

117.    Plaintiff alleges and incorporates the information in paragraphs 1 through 116.

118.    Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully

and negligently violated the FCCPA.  Defendants' violations include, but are not limited to, the

following:

      a.   Defendant GLOBAL violated Fla. Stat. § 559.72(6) by failing to disclose to

           the CRAs that the debt was disputed by Plaintiff.

      b.   Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ are in

           violation of Florida Statutes 559.715, which are a condition precedent and

applies to those entities receiving assignments of consumer debts and, having

failed to comply by providing notice to Plaintiff within 30 days after

assignment of consumer debt and where the assignment is recorded.

Defendants are precluded as a matter of law from bringing the action in any

court of Florida.

119.    Defendants GLOBAL, HAYT, DRAGUTSKY, STERN and OROVITZ willfully

and negligently violated the FCCPA 559.72(7) by willfully communicating with Plaintiff by

calling Plaintiff's cell phone after Plaintiff specifically requested in a letter dated February 2,

2011 for all future correspondence to be in writing.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants GLOBAL,

HAYT, DRAGUTSKY, STERN and OROVITZ for actual or statutory damages, punitive

damages, and attorney's fees and costs, pursuant to Fla. Stat § 559.77.


## COUNT III

## WILLFUL AND NEGLIGENT VIOLATIONS OF FAIR CREDIT REPORTING
## ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT GLOBAL.

120.    Plaintiff alleges and incorporates the information in paragraphs 1 through 119.

121.    Defendant GLOBAL willfully and negligently violated FCRA 15 U.S.C. § 1681s-

2(a)(1)(B)(i),(ii), when it continued to report erroneous and derogatory information for seventeen

months to Equifax and Experian and six months to Transunion after receiving Plaintiff's

February 2, 2011 written dispute of accounts.  Defendant GLOBAL violated 15 U.S.C. § 1681s-

2(b) by their failure to assure that a proper reinvestigation was conducted after Plaintiff's

disputes.  Defendant GLOBAL deleted the false accounts in August 2012.  These inaccurate

account reports appearing on Plaintiff's credit report for over a year has damaged her credit score and reputation.

122.    Civil liability for negligent noncompliance Any person who is negligent in failing to comply with any requirement imposed under the title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.  Plaintiff notified Defendant GLOBAL on February 2, 2011 that she had no account with Defendant GLOBAL and Plaintiff requested debt validation from Defendant GLOBAL.  Defendant GLOBAL willfully and/or negligently reported to the CRAs that Plaintiff had a collection account with Defendant GLOBAL after Plaintiff disputed the account with Defendant GLOBAL.  Plaintiff also disputed the account with the CRAs and the CRAs investigated with Defendant GLOBAL.  Transunion deleted the account after Plaintiff disputed the account.  Plaintiff pulled her tri-merged credit report and discovered that Defendant GLOBAL reported to Experian "Subscriber reports dispute resolved – consumer disagrees".  Plaintiff again disputed the inaccurate accounts with Equifax and Experian.  They re-investigated the accounts with Defendant GLOBAL and deleted all the accounts.  These inaccurate account reports on Plaintiff's credit report for more than one year damaged her credit score and reputation.

123.    Defendant GLOBAL knowingly reported a disputed, unproven collection account on Plaintiff's credit report knowingly and willfully causing damage to Plaintiff by reducing Plaintiff's credit score.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant GLOBAL for actual or statutory damages, punitive damages, attorney's fees and costs, pursuant to FCRA 15 U.S.C. § 1681n and § 1681o.

## COUNT IV

## WILLFULL AND NEGLIGENT VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. § 227 BY DEFENDANTS GLOBAL AND HAYT.

124.    Plaintiff alleges and incorporates the information in paragraphs 1 through 123.

125.    Defendants GLOBAL and HAYT have demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers to call Plaintiff's number, which is assigned to a cellular telephone service.

126.    Defendants GLOBAL and HAYT had no prior established business relationship with Plaintiff and no express consent to call her cell phone as defined by 47 U.S.C. § 227(a)(2).

127.    Defendant GLOBAL committed 2 separate violations of 47 U.S.C. § 227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

128.    Defendant GLOBAL has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227.

129.    Defendant HAYT has committed 23 separate violations of 47 U.S.C. § 227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

130.    Defendant HAYT has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A).  The 23 calls are subject to treble damages pursuant to 47 U.S.C. §

227(b)(3) as they were intentional.  An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.  Plaintiff requested in writing on February 2, 2011 that Defendant GLOBAL communicate solely in writing with Plaintiff. Defendant GLOBAL retained Defendant HAYT to circumvent Plaintiff's cease and desist letter. Plaintiff spoke with Defendant HAYT's representative on June 16, 2011 and requested no calls to her cell phone.  Since then HAYT refused to stop calling and continued to violate 47 U.S.C.

131.    Defendant HAYT has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by calling Plaintiff's number, which is assigned to a cellular telephone service.  Plaintiff has never given Defendant HAYT express permission to call Plaintiffs cell phone from an automatic telephone dialing system that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.  Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff and Defendant HAYT do not have an established business relationship within the meaning of 47 U.S.C. § 227.

132.    Plaintiff's debt validation letter to Defendant HAYT on September 7, 2011 specifically stated that Plaintiff should not be contacted by telephone.

**WHEREFORE,** Plaintiff demands judgment for damages against GLOBAL and HAYT for actual or statutory damages and punitive damages, attorney's fees and costs pursuant to 47 U.S.C. § 227(b)(3)(A)(B)(C).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 26, 2013.

Respectfully submitted,


*s/ Jonathan K. Wright Jr.*
Jon Wright, Esq.
Attorney for the Plaintiff
FL Bar # 101209
1415 NW 15th Avenue
Suite 1102
Miami, FL  33125