UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13-23060-KMW

GRACE SOLIS,

       Plaintiffs,

vs.

GLOBAL ACCEPTANCE CREDIT
COMPANY, L.P., HAYT, HAYT & LANDAU,
P.L., JASON S. DRAGUTSKY, an individual,
DANA M. STERN, an individual, ROBERT J.
OROVITZ, an individual,

       Defendants,
_____/

## HAYT DEFENDANTS MOTION TO DISMISS COMPLAINT

Defendants, HAYT, HAYT & LANDAU, P.L., JASON S. DRAGUTSKY, DANA M. STERN, and ROBERT J. OROVITZ (collectively "HAYT Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff Grace Solis' Complaint [DE 1], and as grounds, state:

### INTRODUCTION

Defendants incorporate and adopt the arguments of Co-Defendant Global Acceptance Credit Company's ("GACC") Motion to Dismiss and memorandum of law [DE 11].  Plaintiff's Complaint asserts three counts against the HAYT Defendants in general wherein Plaintiff alleged violations of the Fair Debt Collection Practices Act ("FDCPA") against all the HAYT Defendants (Count I), the Florida Consumer Collection Practices Act ("FCCPA") against all the HAYT Defendants (Count II), and the Telephone Consumer Protection Act ("TCPA") against the Defendant law firm HAYT, HAYT & LANDAU, P.L. (Count IV).  Plaintiff also sues GACC

for these claims, as well as alleged violations of the Fair Credit Reporting Act ("FCRA") in Count III. Plaintiff's claims should be dismissed because all of the claims asserted here have been previously asserted in a prior action, they were dismissed with prejudice, and they are therefore barred in this action by principles of *res judicata.* Plaintiff already sued and lost in the Prior Action, Case No. 12-21151-Civ-COOKE/TURNOFF, when Judge Cooke granted dismissed Plaintiff's claims on November 30, 2012 (Omnibus Order Granting Motions to Dismiss [Case No. 12-21151, DE 103]). Judge Cooke thereafter denied Plaintiff's motion for reconsideration and reiterated that Plaintiff's Solis' claims were dismissed with prejudice on August 28, 2013 (Order Denying Plaintiff's Motion For Reconsideration Under Rule 59(c) [Case No. 12-21151, DE 112]). Notwithstanding the dismissal of the Prior Action, Plaintiff has sued for the same claims here.

Additionally, Plaintiff's FDCPA claims should be dismissed because they are barred by the one year statute of limitations. Plaintiff has also failed to state a claim upon which relief can be granted as to the individual Defendants, JASON S. DRAGUTSKY ("DRAGUTSKY"), DANA M. STERN ("STERN), and ROBERT J. OROVITZ ("OROVITZ"), since she has failed to allege any factual allegations of their personal actions that give rise to the claims asserted against them individually in Counts I and II. Finally, Plaintiff does not have a private right of action for alleged violations of Fla. Stat. §559.715, and therefore that allegation in Paragraph 118b of Count II must be dismissed. Plaintiff's claims should be dismissed with prejudice (again), with the Court reserving jurisdiction to award attorney's fees and costs to Defendants because the claims are brought in bad faith, vexatious, asserted for purposes of harassment, and without a basis in either fact or law.

Case No. 13-23060-KMW

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

A plaintiff is obligated to provide the "grounds" of his "entitle[ment] to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail … to indicate that the plaintiff has a substantial case." *Id*. In determining "plausibility" the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950 ("although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). The Court must decide whether the factual allegations in the specific context of the case, if assumed to be true, allege a plausible claim:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949.  Additionally, this Court may take judicial notice of public records of prior legal proceedings when deciding a motion to dismiss under rule 12(b)(6).  *See*, *Zodiac Group, Inc. v. Axis Surplus, Ins. Co.*, 2012 WL 6214564 at *3 (S.D. Fla. Dec. 13, 2012), *citing Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir. 2010).  Here, this Court must dismiss Plaintiff's Complaint.

## II.     Plaintiff's Allegations Arise Out of the Same Facts and Circumstances Previously Alleged and Dismissed With Prejudice.

Plaintiff's asserts her factual allegations in Paragraphs 14 through 113 of her Complaint here.  They are the same claims and facts asserted in both actions.  Compare Complaint [DE 1], with First Amended Complaint in the Prior Action, Case No. 12-21151, attached to GACC's Motion to Dismiss [DE 11-1, Exhibit 1].  Plaintiff acknowledged that she previously sued these same Defendants in this Court (Case No. 12-CV-21151) (herein referred to as "Prior Action") [DE 1, ¶ 16], and that this Court dismissed the Prior Action on November 30, 2012 (¶ 17).[1]

Plaintiff complains in this action that GACC called her cell phone on February 1, 2011 to collect an alleged consumer debt (¶ 28) and that she followed up the next day at which time she demanded "debt validation pursuant [sic]" (¶ 29).  Plaintiff identifies the collector with whom she spoke, explaining that she was advised the call was being recorded, and that the collector told her GACC claimed that she had a contract with GACC.  Although GACC's representative provided her with an identification number, Plaintiff Solis could not write it down because she was driving her car (¶ 30).  Plaintiff returned the call to GACC the same day and she complains that GACC used a local Florida telephone number even though it is located in Texas (¶¶ 31-33).

Plaintiff Solis further contends that she sent a debt validation letter to GACC requesting "the promissory note with an original wet ink signature" (¶ 35) and also demanded an account

---

[1]     A copy of the Amended Complaint in the Prior Action was attached to GACC's Motion [DE 11, Ex. 1]. A copy of the Court's Order granting Defendants' Motion to Dismiss was attached to GACC's Motion [DE 11, Ex. 2].

4

and ledger statements showing the full accounting of the alleged debt (¶ 36). Ms. Solis also asserts that her letter requested that GACC remove any negative reporting on her credit report (¶ 37) and that all further communications be directed to her in writing (¶ 38).

Plaintiff alleges that GACC never provided debt validation and never sent her a "dunning letter" and never gave her notice of the assignment of the debt. (¶¶ 39-40). She alleges that GACC later retained the Defendant HAYT HAYT law firm to pursue collection activity (¶ 42), and that the HAYT HAYT law firm contacted her and later served her with a state court lawsuit on her disputed debt (¶ 84).

Similarly, Plaintiff alleges that the HAYT HAYT law firm proceeded with collections efforts from February 2011 through February 2012, when the state court lawsuit was filed. See Complaint, [DE 1, ¶¶ 42-90]. Nowhere in the factual allegations are there any allegations that individual Defendants DRAGUTSKY, STERN, and OROVITZ specifically did anything of significance. Nevertheless, Plaintiff has once again attempted to raise the same claims against the same Defendants that have been dismissed by Judge Cooke with prejudice.

In the Prior Action, as in this matter, the Plaintiff alleged consumer protection claims under Federal and Florida laws identifying the same four causes of action arising out of the same contested debt, and the same communications and actions involving the same Defendants related to the same collection communications, as well as the same consumer reporting by GACC. When Judge Cooke dismissed the Plaintiff's Prior Action, Judge Cooke determined that Plaintiff Solis "in First Amended Complaint has proffered nothing to convince me that an additional attempt would cure the deficiencies," [DE 11, Ex. 2 at p. 8]. Judge Cooke explained that a dismissal with prejudice was proper, even as to a *pro se* Plaintiff, where even a more carefully drafted complaint would not state a valid cause of action. *See, Jemison v. Mitchell*, 380

Fed.App. 904, 907 (11th Cir. 2010). Ms. Solis moved to reconsider the order of dismissal in the Prior Action. This Court denied the motion. [DE 11, Ex. 3]. The thirty (30) day period for filing an appeal from the order denying the motion to reconsider has now lapsed. *See, Cano v. Baker*, 435 F.3d 1337, 1341 (11th Cir. 2006) (explaining that a timely filed motion to reconsider tolls the filing of a notice of appeal).

**III.     Res Judicata Bars This Action**

The Eleventh Circuit recently explained when the doctrine of res judicata bars the filing of a second lawsuit based subsequent to a Rule 12(b)(6) dismissal of a prior action.

> Res judicata bars a claim in a prior case if: (1) there was a final judgment on the merits rendered by a court that had jurisdiction; (2) the cases involved the same parties or those in privity with them; and (3) the same cause of action is involved in both cases. Two cases are considered to involve the same cause of action if they arise out of the same nucleus of operative facts or are based upon the same factual predicate. A Rule 12(b)(6) dismissal with prejudice is an adjudication on the merits. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013). The res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong. *See*, *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S.Ct. 940, 184 L.Ed.2d 726 (2013).

*Dickson v. Board of County Commissioners Palm Beach County, Florida*, 518 Fed.Appx. 607, 609-10 (11th Cir. Apr. 24, 2013).

Here, as a matter of law, all of the elements of *res judicata* have been met. There was a final judgment rendered by Judge Cooke on the merits, as the Rule 12(b)(6) dismissal operates as a final judgment on the merits. *Dickson; Lobo*. The cases involved the same parties or those in privity with them. Finally, the same claims are involved in both cases, and were pled in both cases regarding the same factual allegations related to the same contested debt, same communications and actions involving the same Defendants, as well as the same

consumer reporting by GACC. Accordingly, Plaintiff's claims here are barred by the doctrine *res judicata,* and this Court should dismiss the action.

**IV.     The FDCPA Claims Are Time Barred**

The FDCPA claims in Count I are also time barred. The Complaint was filed August 26, 2013. All of the actions alleged occurred more than one year prior to the filing of the Complaint (i.e. before August 26, 2012), and therefore, are not actionable under the FDCPA because the FDCPA statute of limitations is one year. Count I should be dismissed.

**V.      There Are No Factual Allegations That Support Claims Against Individual HAYT Defendants**

Nowhere in the factual allegations in Paragraphs 1-114 does Plaintiff articulate what each individual HAYT Defendant actually did. Rather, in Counts I and II Plaintiff seems to simply parrot the statutory provisions and allege that GLOBAL, HAYT, DRAGUTSKY, STERN, and OROVITZ did certain things in violation of the FDCPA and FCCPA, without any specifics as to what the individual Defendants, DRAGUTSKY, STERN, and OROVITZ, actually did factually. Such is insufficient under a *Twombly/Iqbal* standard, and the claims in Counts I and II should be dismissed.

**VI.     Plaintiff Does Not Have A Private Right of Action for Alleged Violation of FCCPA §559.715**

In Count II of the Complaint, Plaintiff relies on Florida Statutes section 559.715, which provides, in pertinent part, that "the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." The HAYT Defendants are not the "assignee" of the alleged debt in dispute. Nevertheless, there is no private right of action under the FCCPA for a violation of section 559.715 as alleged in Paragraph 118b of the Complaint.

The clear language of section 559.77(1) does not provide a civil remedy for a violation of section 559.715. Rather, section 559.77 only provides civil remedies for violations under section 559.72. Under Florida law, it is well settled that where the language of a statute is clear and unambiguous, and conveys a clear meaning, it needs no interpretation or construction, and is itself an expression of the legislature's intent. *See CC-Aventura, Inc. v. Weitz Company, LLC*, 2007 WL 117934, *2 (S.D. Fla.); *see also Weber v. Dobbins*, 616 So.2d 956, 958 (Fla. 1993) (the cardinal rule of statutory construction is that the courts will give a statute its plain and ordinary meaning). Accordingly, the language of the FCCPA must be read for its plain and clear meaning.

The FCCPA expressly sets forth the prohibited practices that any "person" attempting to collect debts in the state of Florida must adhere to. See Fla. Stat. § 559.72. Within the list of prohibited practices provided in section 559.72, there is no reference whatsoever to a failure to register under section 559.715. In essence, Plaintiff is attempting to create a private cause of action where none otherwise exists. There is no support for Plaintiff's claim that a violation of section 559.715 gives rise to a civil remedy. Section 559.77 of the FCCPA, which governs civil remedies, makes no reference to section 559.715. Section 559.77(1) specifically states:

> A debtor may bring a civil action against a person violating the provisions of s. 559.72 in a court of competent jurisdiction of the county in which the alleged violator resides or has his or her principal place of business or in the county wherein the alleged violation occurred.

Fla. Stat. § 559.77(1). The express language of section 559.77 of the FCCPA limits debtors such as Plaintiff to claims of prohibited practices under section 559.72; and as stated previously, the prohibited practices do not include a failure to notify of an assignment, which is found under section 559.715.

In *Conner v. BCC Financial Management Services, Inc.*, the district court analyzed whether a consumer had a private right of action for violations of Fla. Stat. 559.553. The court in Conner held that "[h]ad the Florida legislature intended to enact a private right of action for violations of Fla. Stat. § 559.553, it could have done so, either by explicitly including language authorizing a private right of action in the statute itself, or by referencing Section 559.553 in Fla. Stat. § 559.72." *Conner*, 489 F.Supp.2d 1358 (S.D. Fla. 2007). The analysis is the same here. Had the Florida legislature intended to enact a private right of action for violations of §559.715, it would have done so. Because the language of the FCCPA is clear as to a consumer's civil remedies, and such civil remedies do not include a private cause of action for a violation of section 559.715, this Court must dismiss with prejudice the FCCPA claims related to section 559.715 in Count II of the Complaint.

## VII.  Defendants Are Entitled to Attorney's Fee and Costs

Finally, Defendants have retained the undersigned counsel, Hinshaw & Culbertson LLP, to represent their interests and are obligated to pay undersigned counsel reasonable and agreed upon attorney's fees and costs. This action has been brought in bad faith, and for purposes of harassment. The claims are vexatious and not based in either fact or law. Defendants are entitled to recover attorney's fees and costs from Plaintiff, and Plaintiff's counsel, pursuant to Fla. Stat. §§ 57.105, 559.77, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1920, 1927, and all other applicable Florida and Federal law. Upon dismissal, this Court should reserve jurisdiction to award attorney's fees and costs to Defendants.

WHEREFORE, Defendants, HAYT, HAYT & LANDAU, P.L., JASON S. DRAGUTSKY, DANA M. STERN, and ROBERT J. OROVITZ respectfully request this Court dismiss the Complaint as requested with prejudice, award attorney's fees and costs in favor of Defendants, and against Plaintiff, pursuant to Fla. Stat. §§ 57.105, 559.77, 15 U.S.C. § 1692k,

9

and 28 U.S.C. §§ 1920, 1927, and all other applicable Florida and Federal law, and award any other relief in favor of Defendants that this Court deems just and appropriate.

Respectfully submitted,

*/s/ /David P. Hartnett*

David P. Hartnett
Florida Bar No. 0946631
Barbara Fernandez
Florida Bar No. 0493767
dhartnett@hinshawlaw.com
bfernandez@hinshawlaw.com
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Tel. No. 305-358-7747
Fax No.  305-577-1063

Case No. 13-23060-KMW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day, in the manner specified below, on all counsel of record identified below.

*/s/ David P. Hartnett*
David P. Hartnett

Jon K. Wright, Jr. Esquire
1415 N.W. 15th Avenue
Suite 1102
Miami, FL 33125
Counsel for Plaintiff
e-mail: attorneyjonwright@gmail.com
Via CM/ECF

Ronald S. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
Counsel for Plaintiff
Via CM/ECF

Plaintiff Grace Solis
730 86th Street
Miami Beach, FL 33141
Via Mail