UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-23060-WILLIAMS

GRACE SOLIS,

    Plaintiff,

vs.

GLOBAL ACCEPTANCE CREDIT
COMPANY, L.P.;
HAYT, HAYT & LANDAU, P.L.;
JASON S. DRAGUTSKY;
DANA M. STERN; and
ROBERT J. OROVITZ,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court upon Defendants' Motions to Dismiss [D.E. 11 and D.E. 25], Defendants' Motions to Strike Plaintiff's Amended Complaint [D.E. 36 and D.E. 37] and Plaintiff's Motion for Leave to File an Amended Complaint [D.E. 39]. For the reasons stated below, Defendants' motions to dismiss are GRANTED, Defendants' motions to strike the Amended Complaint are GRANTED and Plaintiff's Motion for Leave to File an Amended Complaint is DENIED.

    I.    **Procedural History**

Plaintiff's Complaint presents a case of litigation *déjà vu*. On August 26, 2013, Plaintiff filed the underlying action against Defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA), the Florida Consumer Collection Practices Act (FCCPA), the Federal Credit Reporting Act (FCRA), and the Telephone Consumer Protection Act (TCPA) [D.E. 1]. The Complaint alleges that Defendants violated these

statutes beginning in February 2011 while attempting to collect from Plaintiff on a purported debt. *Id.* at ¶¶ 28-33.

But this was not Plaintiff's first complaint. Some seventeen months earlier, on March 23, 2012, Plaintiff filed a *pro se* complaint against the very same defendants, raising nearly identical claims[1] based on the same allegedly improper conduct. *See Solis v. Global Acceptance Credit Co., LP*, No. 1:12-cv-21151-MGC [D.E. 1]. Plaintiff prosecuted this case until November 30, 2012, when Judge Cooke dismissed Plaintiff's claims because she had failed to adequately plead the elements of her claims. *Solis*, No. 1:12-cv-21151-MGC [D.E. 103]. Because Plaintiff had already filed an Amended Complaint that "proffered nothing to convince me that an additional attempt would cure the deficiencies," Judge Cooke dismissed the case with prejudice. *Id.* at 8-9. Plaintiff then filed a motion for reconsideration, in which she requested leave from Judge Cooke to file a Second Amended Complaint.[2] *Solis*, No. 1:12-cv-21151-MGC [D.E. 105]. On August 28, 2013, Judge Cooke denied Plaintiff's motion for reconsideration and declined to "permit Plaintiff to amend her Complaint multiple times to address pleading deficiencies previously identified by Defendants and the Court." *Solis*, No. 1:12-cv-21151-MGC [D.E. 112 at 7]. Unbeknownst to Judge Cooke, Plaintiff had already filed a new complaint just two days earlier – the complaint now before this Court.[3]

---

[1] The claims raised in the underlying case are identical to the claims raised in Plaintiff's 2012 suit except in one respect: In Count IV of this case, Plaintiff alleges violations of the Telephone Consumer Protection Act by both Global Acceptance and Hayt, Hayt & Landau; in the 2012 case, Plaintiff brought a TCPA claim against only Hayt, Hayt & Landau.

[2] Plaintiff also filed a "Motion for Voluntary Dismissal Without Prejudice" in the original case before Judge Cooke on August 9, 2013. *Solis*, No. 1:12-cv-21151-MGC [D.E. 111].

[3] Plaintiff and her former counsel, who filed the Complaint in this action before he was terminated, failed to notify the Court this case was related to Judge Cooke's case, as required by Local Rule 3.8 [*see* D.E. 1-1].

All of the Defendants in this action have filed motions to dismiss the Complaint, relying principally on the doctrine of *res judicata* [D.E. 11-1 at 4-5; D.E. 25 at 6-7]. In addition, Defendants Hayt, Hayt & Landau, P.L., Dragutsky, Stern and Orovitz argue that the FDCPA claim in Count I of the complaint is time-barred by the statute of limitations, and that § 559.715 of the FCCPA does not create a private right of action [D.E. 25 at 7-9].

In response to Defendants' motions, Plaintiff argues that her new Complaint should be allowed to go forward because it corrects errors in the original complaint and it contains new factual allegations not included in the original complaint – allegations drawn in part from information turned over to Plaintiff by Defendants in response to her discovery requests in the original action [D.E. 31].

## II. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the

elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007)(quoting *Twombly*, 550 U.S. at 545).

### III. Discussion

Defendants seek dismissal of Plaintiff's claims based on the doctrine of *res judicata* [D.E. 11; D.E. 25]. A party invoking *res judicata* must show that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). In opposing these motions, Plaintiff argues that Judge Cooke's dismissal order in the first lawsuit was not a final order, and that the two cases do not involve the same causes of action [D.E. 31].

### A. The Finality of Judge Cooke's Dismissal Order

Plaintiff argues that Judge Cooke's Order dismissing the first lawsuit was not made with prejudice, and is therefore not a final order for purposes of *res judicata*. *Id.* at ¶ 3. In dismissing Plaintiff's first suit, Judge Cooke enjoined Plaintiff from filing another amended complaint, after finding that Plaintiff's First Amended Complaint "proffered nothing to convince me that an additional attempt would cure the deficiencies." *Solis*, No. 1:12-cv-21151-MGC [D.E. 103 at 8]. In making her decision, Judge Cooke cited the following quotation from *Jemison v. Mitchell*, 380 F.App'x 904, 907 (11th Cir. 2010): "Dismissal *with prejudice* is proper, however…if a more carefully

drafted complaint could not state a valid claim" (emphasis added). Thus, it seems clear from the context of the Order that Judge Cooke dismissed Plaintiff's original suit with prejudice, and her Order is therefore an adjudication on the merits for *res judicata* purposes. See *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013). Moreover, the Court notes that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is a "judgment on the merits" for *res judicata* purposes whether it was made with or without prejudice. See *NAACP. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). For these reasons, the Court finds that Judge Cooke's order of dismissal in Plaintiff's suit is a final decision for *res judicata* purposes.

### B. The Same Causes of Action

In a *res judicata* analysis, claims are part of the same "cause of action" when they "arise out of the same transaction or series of transactions." *Trustmark*, 299 F.3d at 1269-70 (quoting *Piper*, 244 F.3d at 1297). To make this determination, the Court must examine whether the claims arise from the "same nucleus of operative fact," or are "based upon the same factual predicate." *Trustmark*, 299 F.3d at 1270. *Res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Id.* at 1271 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)).

As discussed above, the claims and factual allegations in Plaintiff's Complaint before this Court are nearly identical to those contained in the Amended Complaint dismissed by Judge Cooke in November 2012. Though Plaintiff has added some new facts to her latest complaint, these new facts have not substantively altered the claims

Plaintiff raises against Defendants. For example, Plaintiff's first complaint alleged that Defendant Hayt, Hayt & Landau violated the TCPA by using an automatic telephone dialing system to call Plaintiff on nine different occasions. *Solis*, No. 1:12-cv-21151-MGC [D.E. 53 ¶¶ 90-93]. Plaintiff's newest complaint alleges 23 such violations by Hayt, Hayt & Landau, and two other alleged violations by Global Acceptance [D.E. 1 ¶¶ 125-129]. But, as with all of the allegations in both complaints, these alleged violations stem from Defendants' attempts to collect on Plaintiff's purported debt beginning in February 2011. After examining both the operative complaint in the original case and the complaint in this matter, it is clear that all of these claims arise from the same nucleus of operative fact. Therefore, the Court finds that the claims in both cases "arise out of the same transaction or series of transactions" for purposes of *res judicata*.[4] *See Trustmark*, 299 F.3d at 1269-70.

For these reasons, the Court finds the doctrine of *res judicata* applicable to this case, and Defendant's motions to dismiss are GRANTED on these grounds.[5]

### IV.    Plaintiff's Motion for Leave to Amend Her Complaint

On May 30, 2014, Plaintiff filed an Amended Complaint [D.E. 35] without first seeking leave of the Court or the Defendants' written consent as required by Fed. R. Civ. P. 15(a)(2). Defendants then moved to strike the Amended Complaint [D.E. 36 and

---

[4] Plaintiff also argues that the Court should hold her Complaint to a less exacting standard because she is proceeding *pro se* in this matter [D.E. 31 ¶ 9]. The Court notes that the Complaint was filed by Plaintiff's former counsel. Generally, leniency is afforded to *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). But here, the Complaint *was* drafted by a lawyer – before Plaintiff terminated her counsel following his motion to withdraw. Nevertheless, the Court finds that Plaintiff's complaint must fail even when viewed liberally under *Tannenbaum*.

[5] Because Plaintiff's claims are barred by *res judicata*, the Court need not address Defendants' statute of limitations argument as to Count I of the Complaint, or the argument that § 559.715 of the FCCPA does not create a private right of action.

D.E. 37] and Plaintiff filed a response that the Court will treat as a Motion for Leave to File an Amended Complaint [D.E. 39].

The Court grants Defendants' Motions to Strike because Plaintiff failed to comply with Rule 15(a)(2) in filing her Complaint without leave of the Court or written consent of Defendants. Therefore, Plaintiff's Amended Complaint [D.E. 35] is STRICKEN.

In any event, the Court also finds that the Amended Complaint suffers from the same deficiencies as Plaintiff's original complaint, and would also fail on *res judicata* grounds. The Court therefore declines to grant Plaintiff leave to file the Amended Complaint because the amendment would ultimately be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant").

## V. Conclusion

For the reasons stated above, it is ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss the Complaint [D.E. 11 and 25] are GRANTED.
2. The Complaint is hereby DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).
3. Defendants' Motions to Strike the Amended Complaint [D.E. 36 and D.E. 37] are GRANTED. Plaintiff's Amended Complaint [D.E. 35] is STRICKEN.
4. Plaintiff's Motion for Leave to File an Amended Complaint [D.E. 39] is DENIED.

5. All other pending motions are DENIED as moot, and the Clerk is directed to CLOSE this case. The Court will retain jurisdiction to determine if Defendants are entitled to attorneys' fees.

DONE AND ORDERED in Chambers in Miami, Florida, this 25 day of June, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

Grace Solis, *pro se*
730 86th Street
Miami Beach, FL 33141